WILLIAM L. COOK v. CALVIN STAFFORD, EXECUTOR, ETC., ET AL.

*Specific performance—Laches.*

1. Delay, or even great delay, to assert or to take steps to enforce a vendee's rights under a contract for the conveyance of land, is not always a reason for courts of equity to refuse specific performance of the agreement. Each case must depend upon its own circumstances, and the court must be influenced and controlled by those equitable principles which, while doing justice to one, will not do injustice to others.

2. On May 9, 1853, complainant's father executed a bond conditioned for the conveyance to the complainant of a parcel of land therein described in consideration of his labor from that date until November 1, 1853, which labor was performed. Both parties exercised acts of ownership over the land, and the father paid the taxes from 1844 to the time of his death, in 1889, and cut large quantities of fire-wood from the premises, which he sold and received the avails of such sales. In 1857 he purchased a large farm, on which was a hotel, and secured the payment of the purchase price by executing a mortgage upon the land described in the bond and upon other land, with the knowledge of the complainant, who moved into the hotel, and assisted in paying off the mortgage, and received a deed from the father of a part of the farm so purchased. He never requested his father to deed him the land described in the bond, and after waiting for 36 years filed a bill to enforce the specific performance of the agreement, when his father and all other witnesses having any knowledge of the facts were dead; which delay is held fatal, and the bill is dismissed.

Appeal from Saginaw. (Edget, J.) Argued May 5, 1891. Decided May 21, 1891.

Bill to compel specific performance of a bond conditioned to convey real estate. Complainant appeals. Bill dismissed. The facts are stated in the opinion.

*Tennant & Tennant* (*L. C. Holden,* of counsel), for complainant.

*William G. Gage,* for defendants.

CHAMPLIN, C. J. The bill of complaint in this case is filed to compel the specific performance of a bond conditioned to convey certain real estate. It was executed in the year 1853 by Lilly Cook, of whose last will Calvin Stafford is executor, and was conditioned to convey the land therein described to his son William L. Cook, who is the complainant above named.

The agreement, at the time it was executed, was valid, and the consideration named therein has been performed.

The testimony as to possession was conflicting. Both the father and son exercised acts of ownership over it at different times. Each tilled the land, such as was tillable, and raised crops upon it, which they harvested.. There was no fence between the land and adjoining land owned by the father, they being separated by Cass river, which offered no obstacle to cattle passing from one side of the river to the other. The cattle of both father and son grazed upon the land now claimed by the son, promiscuously. The father kept the road fences in repair, and always paid the taxes from 1844 to the time of his death, which occurred June 13, 1889. He also cut large quantities of fire-wood on the premises, and sold the wood at Saginaw. Some of this wood was hauled to market and sold by the son of William Cook, and the proceeds turned over to Lilly Cook. It does not appear that William Cook ever in the life-time of his father requested him to execute a deed of the land described in the bond he held, or ever objected to the exercise of the acts of ownership over the land. On the contrary, it appears that in 1857 Lilly Cook purchased a large farm from the Fraser estate, upon a part of which was a hotel, and secured payment

by executing a mortgage of the land in dispute with other land. This was done with the knowledge of William Cook. It seems that some new arrangement must have been entered into at this time between the father and son, for we find that the son removed into the Fraser hotel, and assisted in paying off the mortgage, and after that was discharged the father conveyed a part of the Fraser farm to William, and afterwards another part to another son, and a part he kept himself. What that arrangement was it is not now possible to prove. The complainant is not a competent witness to testify to it. The brother, to whom a portion of the Fraser farm was conveyed, is dead. The complainant has delayed claiming or enforcing his rights until after Lilly Cook's death, and there does not appear to be any living witness to prove what the arrangement entered into in 1857 was.

The circuit court dismissed the bill of complaint upon the ground of the laches of the complainant in not asserting his rights earlier, but without prejudice to any legal claim he may have against the estate of Lilly Cook. We do not see what legal claim William Cook can have against the estate of Lilly Cook for not conveying the land in accordance with the terms of the bond. Any legal claim would certainly be barred by the statute of limitations.

We are also of opinion that the bill should be dismissed because of the delay of complainant to assert or take steps to enforce his rights under the contract. Delay, or even great delay, is not always a reason for courts of equity to refuse to enforce a written contract specifically. Each case must depend upon its own circumstances, and the court must be influenced and controlled by those equitable principles which, while doing justice to one, will not do an injustice to others. Here no sufficient reason is shown for the delay. Complainant has suffered 36

years to pass without asking for a performance of the contract, and until after the lips of the other party to the contract are closed by death, and he can no longer tell why it has not been performed. Courts of equity have frequently refused relief under such circumstances, and in many cases where the delay has been much less than in this case. *Combs v. Scott*, 76 Wis. 662 (45 N. W. Rep. 532); *Anthony v. Leftwich*, 3 Rand. (Va.) 238; *Williams v. Williams*, 50 Wis. 311 (6 N. W. Rep. 814); Pom. Spec. Perf. §§ 407, 408, and cases cited; Fry, Spec. Perf. §§ 1072, 1078, 1079.

The bill of complaint must be dismissed, with costs of both courts.

The other Justices concurred.